Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YESH MUSIC, LLC,                                   Case No.: 20-cv-3564

                        Plaintiff,                **ECF CASE**

              v.                              **COMPLAINT AND JURY DEMAND**
                                                                             **FOR DAMAGES FOR COPYRIGHT**
HOLY FAMILY COMMINICATIONS, INC.,   **INFRINGEMENT**

                        Defendant.
-----------------------------------------------------------------x

      Plaintiff YESH MUSIC, LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant HOLY FAMILY COMMUNICATIONS, INC. d/b/s Station of the Cross Radio for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA").  Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

      1.     This court has Infringing  matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2. Defendant owns property in the state and is subject to jurisdiction here pursuant to CPLR (a)(4).

3. Upon information and belief, defendant committed a tortious act within the state, and is subject to jurisdiction here pursuant to CPLR (a)(2).

4. Alternatively, defendant also has a headquarters in Leipsic, OH. Defendant infringed plaintiff's exclusive rights to its copyrighted recording and composition *Bump (Ambient)* (the "Copyrighted Track"); these are torts committed outside the state.

5. Defendant was put on notice multiple times by YouTube, by plaintiff, and by plaintiff's counsel, that its copying, distribution, public display, and synchronization of plaintiff's Copyrighted Track was unlicensed, and the plaintiff was domiciled in this state. Defendant elected to continue to infringe after each notice.

6. Defendant knew its acts of infringement would have consequences in this state.

7. The Copyrighted Track at issue here were used by defendant to promote its services and goal of increasing its Internet business.

8. Defendant is a national brand with a radio station in New York located in Williamsville, Moravia, Rochester, Elma, Buffalo, and Lancaster. Substantially all of its revenue is from interstate commerce.

9. Upon information and belief, defendant also regularly does or solicits business, or engage in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state.

10. Jurisdiction is conferred over defendant pursuant to CPLR §§ 302(3)(i) and (ii).

## VENUE

11. A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ; or, (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is Infringing to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).

12. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## DUE PROCESS

13. There are no due process concerns in light of the fact that defendant committed an intentional tort that they knew had an effect in this Judicial District.

## PARTIES

14. Plaintiff YESH MUSIC, LLC is a New York limited liability company with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

15. Upon information and belief, defendant HOLY FAMILY COMMUNICATIONS, INC. ("HFC") is a network of radio stations with a headquarters located at 6048 Road 8-E, Leipsic, OH 45856.

## FACTS

16. Plaintiff is the sole beneficial owner by assignment of an original musical compositions and Track titled *Bump (Ambient)* – U.S. Copyright Registration No. SR 713-301. See **Exhibit 1.**

17. Defendant is a network of Catholic radio stations.

18. Defendant caused to be created a video advertisement titled "The Station of the Cross | Catholic Radio Network" (the "Infringing Advertisement"). Defendant then uploaded the Infringing Advertisement to its YouTube page at <https://www.youtube.com/watch?v=mIDoDFKHuu4>.

19. Defendant copied and then synchronized the Copyrighted Track to the Infringing Advertisement without a license or authority.

20. Plaintiff conducted scores of searches for unlicensed content on YouTube over the last six years. The Infringing Advertisement did not appear in any of them.

21. Defendant engaged a new third-party search firm in or around April 2020.

22. Plaintiff discovered the Infringing Advertisements, with the assistance of the new third-party search firm, on or about June 24, 2020.

23. Plaintiff immediately notified defendant by email, informing defendant that there was no license for its copying, distribution, public display, and synchronization of the Copyrighted Track. See **Exhibit 2.**

24. Defendant did not respond and did not stop infringing.

25. Plaintiff's counsel was forced to send a cease and desist dated August 3, 2020. See **Exhibit 3**.

26. Defendant responded on August 3, 2020, through counsel, but did not stop infringing. See **Exhibit 4**.

27. Months before plaintiff's June 28, 2020 Notice of Infringement, defendant was put on notice by YouTube as part of the Content ID system.

28. Defendant ignored the YouTube notices and continued to infringe.

29. On the date of this Complaint, the Infringing Advertisement is still active and available to the public.

30. Defendant's failure to comply with the notices from YouTube, plaintiff, and plaintiff's counsel evidences defendant's intent to infringe.

31. Defendant knew it was infringing plaintiff's exclusive rights when it synchronized the Copyrighted Track to the Infringing Advertisement. Defendant knew it was infringing when it uploaded the Infringing Advertisement to YouTube.

32. Defendant infringed plaintiff's rights as set forth in Section 106 of the Act, and plaintiff is entitled to its compensatory damages or an election of one statutory damage award. In light of defendant's reckless disregard of plaintiff's rights, plaintiff is entitled to enhanced damages of up to $150,000 but in no case less than $30,000 pursuant to 17 U.S.C. § 504(c).

33. Only an award at the top of the statutory damage scale will serve to deter the defendant from its blatant disregard of its obligations under the Copyright Act.

**DMCA VIOLATIONS**

34. Defendant did not include any identifying information in the Infringing Advertisement which would have allowed plaintiff to identify defendant's use of the Copyrighted Track. Specifically, the Infringing Advertisement omits the Copyrighted Track's title, album name, author, label, and copyright owner.

35. Defendant's removal and/or failure to include any copyright management information after notice is a violation of 17 U.S.C. § 1202 – the DMCA.

36. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus its reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

37. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

38. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

39. Defendant without authority from plaintiff, reproduced, publicly displayed, and/or synchronized plaintiff's Copyrighted Track in its entirety to the Infringing Advertisement.

40. Defendant created and displayed the Infringing Advertisement for the sole purpose of commercial gain.

41. Defendant refused to cease and desist after multiple demands from YouTube, plaintiff directly, and plaintiff through counsel.

42. Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

43. Defendant's use was not transformative.

44. Defendant elected to reproduce, synchronize, and/or distribute plaintiff's Copyrighted Track, using the entirety of the track, without a license.

45. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant' profits, and plaintiff's loss, plus costs, interest, and attorneys' fees.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998, AS AMENDED,**
**17 U.S.C. §§ 1201, et seq**.

46. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

47. Section 1202 provides in part: (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C. § 1202(b).

48. The DMCA states: "Definition.—As used in this section, the term "copyright management information" means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. (4) With the exception of public performances of works by radio and television broadcast stations, the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work. (5) With the exception of public performances of works by radio and television broadcast stations, in the case of an audiovisual work, the name of, and other identifying information about, a writer,

performer, or director who is credited in the audiovisual work. (6) Terms and conditions for use of the work.  (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work." 17 U.S.C. § 1202(C); S.Rep. No. 105-190 (1988), note 18.

49. Plaintiff always distributes its copyrighted recordings and compositions, including the Copyrighted Track here, with copyright management information including the title, author, label, and copyright owner.

50. Defendant could not have obtained a copy of the master recording for the Copyrighted Track without this information.

51. Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the Infringing use at issue here.

52. A master recording is an authenticated and unbroken version of a musical recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

53. Defendant's Infringing Advertisement are synchronized to a very high-resolution copy of the Copyrighted Track.  This high-resolution version cannot be obtained without copyright management information being included.

54. Defendant removed plaintiff's copyright management information, and copied, synchronized, publicly displayed, and/or distributed the Copyrighted Track.

55. Defendant failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

56. Defendant continued to publicly display the Infringing Advertisement with no attribution after YouTube, plaintiff, and plaintiff's counsel separately informed defendant that it was infringing plaintiff's rights to the Copyrighted Track.

57. Defendant violated the DMCA each time it wrongfully distributed the Infringing Advertisement as well as each time it continued to infringe after notice.

58. Defendant did the forgoing with the intent to conceal the infringement.

59. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 7, 2020             **GARBARINI FITZGERALD P.C.**
New York, New York

By: *[signature]*
Richard M. Garbarini (RG 5496)